# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ANTHONY TORREZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 3:17-cv-1223 (SRU) |
| : | |
| SCOTT SEMPLE, et al., : | |
|     Defendants. : | |

**RULING ON MOTION FOR PREJUDGMENT REMEDY**

Plaintiff, Jose Anthony Torrez ("Torrez"), filed a complaint asserting a claim for deliberate indifference to serious mental health needs. Torrez has filed a motion seeking a prejudgment remedy in the amount of $100,000. To secure this sum, Torrez seeks attachment of the defendants' real and personal property and an order of garnishment. Torrez states in conclusory fashion that "there is probable cause that a judgment will be rendered in this matter in favor of the applicant," ECF No. 27 at 1, and "there is probable cause that a judgment in the amount of the prejudgment remedy sought or in an amount greater that the prejudgment remedy sought, … will be rendered in favor of the plaintiff…." *Id.* at 20.

Prejudgment remedies are governed by Federal Rule of Civil Procedure 64. That rule permits a plaintiff to utilize state prejudgment remedies to secure a judgment that might ultimately be rendered in a federal action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974). The procedure for obtaining prejudgment liens is governed by state law. *See Bahrain Telecommunications Co. v. Discoverytel, Inc.*, 476 F. Supp. 2d 176, 183 (D. Conn. 2007).

Connecticut General Statutes § 52-278a, et seq., govern prejudgment remedies.  Section 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendants of notice and intent to secure a prejudgment remedy.  Section 52-278b emphasized that a party cannot obtain a prejudgment remedy unless he complies with the statutory requirements.  *See Porter v. Yale University Police Dep't*, 2011 WL 3290212, at *3-4 (D. Conn. Aug. 1, 2011).

Torrez' motion does not comply with the statutory requirements.  He fails to submit a sworn affidavit setting forth facts sufficient to establish that there is probable cause that a judgment will be rendered in his favor in the amount sought as required by Connecticut General Statutes § 52-578c(a)(2).  He also fails to attach the notice and claim form required by section 52-278c(e), (f) and (g).  Thus, his motion must be denied.  *See Green v. Shaw*, 2017 WL 4681949, at *2 (D. Conn. Oct. 18, 2017) (denying motion for prejudgment remedy for failure to comply with statutory requirements).

Torrez' motion for prejudgment remedy [**ECF No. 27**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of December 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge