UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSE ANTHONY TORREZ,<br>    Plaintiff, | : | |
| v. | : | No. 3:17-cv-1223 (SRU) |
| SCOTT SEMPLE, et al.,<br>    Defendants. | : | |

**RULING ON MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Jose Anthony Torrez ("Torrez") filed this complaint asserting a claim for deliberate indifference to serious mental health needs. Torrez has filed a motion for temporary restraining order or preliminary injunction seeking to be transferred to a designated mental health facility.

The same standard is used to evaluate a request for temporary restraining order as a motion for preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). "[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.,* 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks

omitted)). "[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010). *See also McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) (preliminary injunctive relief intended to preserve the status quo until the court can rule on lawsuit's merits).

When, however, the moving party seeks mandatory relief "that alters the status quo by commanding some positive act," the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Mandatory preliminary injunctive relief "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)). In this case, Torrez seeks mandatory injunctive relief, specifically a transfer to a designated mental health facility. Thus, he must meet the higher standard.

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord,* 981 F. Supp. 140, 167 (W.D.N.Y. 1997). Allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with evidence in admissible

form. *See Girard v. Hickey*, 2016 WL 915253, at *7 (N.D.N.Y. Mar. 4, 2016) (citing *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."), and *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.")).

The defendants have submitted the affidavit of Dr. Frayne, Torrez' current mental health provider. Defs.' Mem. Ex. 3 (ECF No. 35-1). Dr. Frayne states that he has been treating Torrez since February 2016 and sees Torrez at least once a month. In addition, Torrez is seen by his assigned social worker. *Id.*, ¶¶ 7-8. Dr. Frayne states that, although Torrez has a documented history of mental health treatment beginning in childhood, he currently does not have a psychiatric diagnosis that would require prescription medication. He does not suffer from a severe and chronic mental health condition or disorder. *Id.*, ¶¶ 9, 11. Torrez has progressed through Phase 1 of the Administrative Segregation Program, *id.*, ¶ 13, and has been transferred to a different correctional facility for Phase 2. Dr. Frayne opines that Torrez' current place of confinement does not adversely compromise his mental health. *Id.*, ¶ 14.

In support of his motion, Torrez provides evidence that he has a history of post-traumatic stress disorder, bipolar disorder, and depression. He does not, however, provide any evidence showing that these conditions cannot, or have not, been treated in his current facility. To obtain mandatory preliminary injunctive relief, Torrez must present evidence supporting his claims that he will suffer irreparable harm should the relief be denied. He has not done so. Accordingly, Torrez' motion is **denied**.

On November 8, 2017, Torrez filed a supplement to his motion seeking relief pursuant to

3

a new state statute. He attaches to his submission a copy of Raised Bill 7302 entitled "An Act Concerning Isolated Confinement and Correctional Staff Training and Wellness." ECF No. 31 at 7-12. The history of House Bill No. 7302 shows that the bill was signed by the governor on July 11, 2017 as Public Act 17-239. (www.cga.ct.gov/2017/cbs/H/pdf/HB-7302.pdf (last visited Dec. 7, 2017). Although the Raised Bill indicates an effective date of October 1, 2017, the text of Public Act 17-239 states that it becomes effective January 1, 2018. www.cga.ct.gov/2017/ACT/pa/2017PA-00239-R00HB-07302-PA.htm (last visited Dec. 7, 2017). Thus, the act was not in effect when Torrez filed his supplement.

In addition, although the proposed bill submitted by Torrez includes language barring the housing of inmates with mental illness in administrative segregation, ECF No. 31 at 10, that language is not included in the bill that was enacted. *See* Defs.' Mem. Ex. 1, ECF No. 42 at 3. Thus, even if the statute had become effective, it would afford Torrez no relief.

Torrez' motion for temporary restraining order or preliminary injunction [**ECF No. 10**] and the additional relief requested in the supplement to that motion [**ECF No. 31**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of December 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge