# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSE ANTHONY TORREZ, | : | |
| Plaintiff, | : | No. 3:17-cv-1223 (SRU) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF CORRECTION, et al., | : | |
| Defendants. | : | |

## RULING AND ORDER

Jose Anthony Torrez ("Torrez"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed several actions in this court. He now moves to consolidate this case with *Torrez v. Semple*, No. 3:17-cv-1211 (SRU) ("Case No. 17cv1211"). He also has filed a *nunc pro tunc* motion seeking leave to amend and reconsideration of the Initial Review Order.[1] The defendants oppose both motions.

I.  Motion to Consolidate

Torrez moves to consolidate this case with Case No. 17cv1211. He argues that both cases are prisoner cases, the claims are not unique and do not present issues of first impression, and both include claims for supervisory liability. Torrez argues that consolidation will streamline the litigation and promote judicial economy. The defendants oppose the motion, arguing that there are no common questions of law or fact in the two cases.

---

[1] Torrez prepared the motions, which include the captions of both cases, and filed them in both cases.

The district court may consolidate actions if they involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). Thus, the court must examine the claims presented in both cases to determine if consolidation is warranted.

Case No. 17cv1211 concerns Torrez' confinement at Bridgeport Correctional Center ("BCC") as a pretrial detainee. Other than Commissioner Semple, all defendants are employed at BCC. In the September 1, 2017 Initial Review Order, the Court determined that the case will proceed on Fourteenth Amendment claims for use of excessive force, deliberate indifference to safety, deliberate indifference to mental health needs, unconstitutional conditions of confinement and supervisory liability. The conditions claim as it relates to Torrez' confinement at Northern Correctional Institution ("Northern") is that defendants Semple, Black, Jones, and Syed were aware of the conditions at Northern but transferred Torrez there anyway.

This case includes allegations regarding Torrez' confinement at Northern and MacDougall-Walker Correctional Institution ("MacDougall"). All defendants except Commissioner Semple and Acting Deputy Commissioner Rinaldi are employed at Northern or MacDougall. Torrez alleges that he was transferred to Northern in February 2016, from Northern to Cheshire Correctional Institution ("Cheshire") in September 2016, and from Cheshire to MacDougall in January 2017. Department of Correction records indicate that Torrez was sentenced on May 27, 2016. www.ctinmateinfo.state.ct.us (last visited Jan. 17, 2018).

In the September 1, 2017 Initial Review Order, I dismissed any claims relating to the time when Torrez was a pretrial detainee at Northern under the prior pending action doctrine and instructed Torrez that, if he wanted to pursue those claims, he should amend his complaint in Case No. 17cv1211. *See* ECF No. 7 at 6. Torrez did not do so. The remaining claims in this

case are Eighth Amendment claims for deliberate indifferent to serious mental health needs and supervisory liability at Northern and MacDougall, covering the period commencing on May 27, 2016.

The defendants in the two cases, with the exception of Commissioner Semple, are different and work at different correctional facilities. The claims in Case No. 17cv1211 relate to treatment of a pretrial detainee, while the claims in this case concern treatment of a sentenced inmate. The law regarding pretrial detainees and sentenced inmates differs. Thus, there is no common question of law in the two cases. In addition, although both cases reference Torrez' confinement at Northern, the issue in Case No. 17cv1211 concerns the actions of the defendants in transferring him even though they knew the effect the conditions at Northern would have on Torrez' mental health issues. No staff members at Northern are included as defendants in Case No. 17cv1211. The issues in this case concern the actual treatment provided by mental health staff at Northern and the conditions to which he was subjected there and whether that treatment or those conditions violate the Eighth Amendment. Torrez was afforded the opportunity to assert conditions claims relating to his confinement at Northern prior to May 2016 in Case No. 17cv1211 but has chosen not to do so. Thus, the claims in the two cases relate to different time periods and different defendants and are governed by different legal standards. The Court concludes that consolidation is not warranted and Torrez' motion (doc. # 43) is denied.

II.     Motion for Leave to Amend and for Reconsideration

In his second motion, Torrez seeks reconsideration of the dismissal of the ADA claim and leave to file an amended complaint to clarify the dates when he was a pretrial detainee and to

better pled the ADA claim that was dismissed. Torrez does not include a proposed amended complaint with his motion.

Motions for reconsideration must be filed within seven days from the filing of the decision from which reconsideration is sought. D. Conn. L. Civ. R. 7(c)1. The Initial Review Order was filed on September 1, 2017. Torrez filed this motion on December 6, 2017, over three months later and includes no explanation for the delay. Thus, the motion for reconsideration (doc. # 44) is denied as untimely filed.

Torrez seeks leave to amend his complaint. Without a proposed amended complaint, however, I cannot determine whether amendment is warranted. The motion to amend (doc. # 44) is denied without prejudice.

III.   Conclusion

Torrez' motion to consolidate cases [**Doc. No. 43**] is **DENIED**. His motion for reconsideration [**Doc. No. 44**] is **DENIED** as untimely filed and his motion for leave to amend [**Doc. No. 44**] is **DENIED** without prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of January 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge